ESTERÁS, DEMANDANTE Y APELADO, *v.* ESTERÁS ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre nulidad de declaratoria de herederos.

No. 1450.—Resuelto en julio 26, 1916.

NULIDAD DE DECLARATORIA DE HEREDERO—DECLARATORIA DE HEREDERO—ALEGACIONES DE LA DEMANDA—HIJOS ADULTERINOS—HIJOS NATURALES—DERECHO A LA HERENCIA.—Si un hijo adulterino nacido antes de regir el Código Civil Revisado estando su padre casado con otra mujer, es declarado su único heredero sin derecho a la herencia, un hijo natural reconocido del padre tiene acción para pedir que se declare la nulidad de esa declaratoria de herederos porque es heredero de su padre, sin que sea necesario alegar en la demanda para que sea suficiente, la fecha del nacimiento del hijo adulterino de otra manera de como se hizo en este caso, si fué reconocido por su padre, y en qué forma, cuándo murió éste, ni las personas que fueron partes en el pleito en que el demandante fué declarado hijo natural reconocido.

HERENCIA—DERECHOS DE LOS HIJOS—LEGISLACIÓN APLICABLE.—A la legislación en vigor en la fecha del nacimiento del hijo es a la que debe acudirse para determinar los derechos que pueda tener a la herencia de su padre.

ID.—HIJOS ADULTERINOS—IMPEDIMENTO PARA CONTRAER MATRIMONIO—HEREDE-
ROS ABINTESTATO—ALIMENTOS—RECONOCIMIENTO DE HIJOS ILEGÍTIMOS—
PERMISO PARA CONTRAER MATRIMONIO.—Es hijo adulterino el nacido en 1885
de padre que no podía contraer matrimonio con la madre por hallarse casado
con otra mujer cuando fué procreado, y no tiene derecho a heredarlo abintes-
tato según la Ley X, Título XIII, Partida sexta, pues sólo su derecho era el de
ser alimentado, y el hecho de que el padre lo reconociera como hijo ilegítimo
suyo al concederle en 1904 permiso para contraer matrimonio, no le quita su
condición de adulterino ni le confiere más derechos que los que la ley le re-
conocía.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José* y *Manuel Tous Soto.*

Abogado del apelado: *Sr. José G. Torres.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

A virtud de demanda de José Marcelino Esterás Morales contra José, Clara-Marina y Gabriel Esterás Maldonado, representados aquél y éstos por sus respectivas madres, declaró la Corte de Distrito de San Juan, Sección 1.ª, en pleito que le fué trasladado de la de Humacao, y en lo necesario a este recurso, que era nula la declaratoria de herederos de José Ignacio Esterás Rivera hecha por la Corte de Distrito de Humacao a favor de José Indalecio Esterás Arroyo.

Apelada la sentencia por los demandados el primer motivo en que funda su recurso es que se cometió error al no sostener la excepción que adujo de ser la demanda ininteligible, dudosa y ambigua y por no aducir hechos determinantes de causa de acción.

Los hechos alegados en la demanda fueron sustancialmente los siguientes:

1°. Que los demandados solicitaron y obtuvieron por conducto de su madre que la Corte de Distrito de Humacao declarase a su padre Esterás Arroyo único heredero de su padre Esterás Rivera.

2°. Que cuando se dictó esa resolución la misma corte había declarado por sentencia que el demandante era hijo natural reconocido de dicho Esterás Rivera, sin que el demandante

fuera notificado de dicho procedimiento ni compareciera en él.

3º. Que la declaratoria de herederos se fundó en el hecho de ser Esterás Arroyo hijo ilegítimo de Esterás Rivera y en no haber otra persona con derecho a heredarle.

4º. Que Esterás Arroyo era hijo adulterino de Esterás Rivera, nacido cuando éste se hallaba casado con Francisca Villanueva y antes de la vigencia del Código Civil revisado.

Entendemos que la excepción de los demandados fué debidamente desestimada pues si Esterás Arroyo nació antes de regir el Código Civil revisado estando su padre casado con otra mujer y fué declarado su único heredero, sin tener derecho a su herencia, como veremos más adelante, el hijo natural reconocido de Esterás Rivera tiene acción para pedir que se declare la nulidad de esa declaratoria de herederos porque es heredero de su padre, sin que sea necesario que alegue como pretenden los apelantes, la fecha del nacimiento de Esterás Arroyo de otra manera que como se hizo, si fué reconocido por su padre y en qué forma, cuándo murió Esterás Rivera, ni las personas que fueron parte en el pleito en que el demandante fué declarado hijo natural reconocido porque tales alegaciones no son necesarias para que la demanda sea suficiente.

Los otros motivos del recurso pueden reasumirse diciendo que los apelantes sostienen que siendo su padre un hijo bastardo reconocido en 1904, por Esterás Rivera, tiene derecho a su herencia.

No hay cuestión entre las partes respecto a los hechos siendo éstos los siguientes: que Esterás Arroyo es hijo de Antonia Arroyo y de José Ignacio Esterás Rivera y nació en el año 1885 cuando su padre estaba casado con otra mujer; que en 1904 Esterás Rivera compareció ante el Juez Municipal de Caguas y dió permiso a Esterás Arroyo para contraer matrimonio haciendo constar que era hijo suyo reconocido; que Esterás Rivera murió en 1908 sin testamento y sin dejar descendientes legítimos ni ascendientes, pero sí hermanos; que en pleito que contra éstos siguió el demandante y en el

que no fué parte Esterás Arroyo, ni sus hijos, se dictó sentencia en 22 de mayo de 1909 declarándolo hijo natural reconocido de Esterás Rivera y que la viuda de Esterás Arroyo obtuvo en 1911, sin la intervención del demandante, que su esposo fuera declarado único y universal heredero de Esterás. Rivera como hijo suyo ilegítimo reconocido.

Es, pues, un hecho cierto que Esterás Arroyo nació cuando no regía en esta isla el Código Civil español ni el posterior revisado por lo que a la legislación en vigor en el año 1885 hemos de acudir para determinar los derechos que pueda tener a la herencia de su padre, según hemos declarado en el caso de *Lucero* v. *Los Herederos de Vila,* 17 D. P. R. 152.

La legislación vigente en 1885 dividía los hijos en dos grandes grupos, *legítimos* e *ilegítimos,* siendo los primeros los nacidos de matrimonio y los segundos los habidos fuera de él. Los ilegítimos a su vez se sub-dividían en otros dos grupos, los *naturales* y *espúreos,* siendo *naturales* los que nacían de hombre y mujer que al tiempo de la concepción o del nacimiento podían casarse sin dispensa, y bajo el nombre de *espúreos* se comprendían todos los ilegítimos que no eran naturales, o sea los incestuosos, los adulterinos, los sacrílegos y los manceres. Los hijos ilegítimos también recibían el nombres de *bastardos,* palabra que más estrictamente se aplicaba, así como la de *espúreos,* a los hijos de padres que no podían contraer matrimonio entre sí cuando los procrearon. Escriche, Diccionario de Legislación y Jurisprudencia, edición publicada por Vicente y Caravantes, año 1875, tomo 3°., página 47. Comentarios a las Leyes de Toro de Llamas y Molina. publicado por Vicente y Caravantes, tomo 1°., página 158. El nombre, pues, de bastardo no se aplicaba sólo al hijo de hombre casado y mujer soltera, como sostienen los apelantes.

En cuanto a los hijos *adulterinos* eran tales los nacidos de personas ligadas con otra, a lo menos una, por el vínculo del matrimonio y cuando la madre era soltera o viuda y el padre casado se les consideraba como de dañado ayuntamiento, *ex damnato coitu,* y si la madre era la casada entonces como

de dañado y punible ayuntamiento, *ex damnato et punibili coitu* en atención a que ella incurría en la pena de muerte natural.

Los hijos adulterinos eran los hijos de adulterio, pero como la ley 1ª., tít. 15, Part. 4ª. al hablar del adulterio dice que es *yerro que home face a sabiendas yaciendo con mujer casada con otro*, consideraron algunos autores de aquella época que eran hijos adulterinos solamente los de mujer casada con hombre que no era su marido, olvidando que la ley 2ª., tít. 15, Part. 4ª. supone expresamente *fechos en adulterio* los hijos que un casado tuviese en *barragana,* que la doctrina evangélica exige del marido la misma fidelidad que de la mujer y condena el adulterio de ambos; que por Real Orden de 25 de octubre de 1777 (nota 1ª., tít. 28, lib. 12, Nov. Recop.) se comunicó al Supremo Consejo una resolución del Rey, en que se establece entre otras cosas, que los hijos del segundo matrimonio contraído por un hombre casado viviendo su primera mujer son *verdaderamente adulterinos,* y que también del párrafo 3º. del artículo 85 de la ley de matrimonio civil puede deducirse que son adulterinos los hijos que el hombre casado tenga con mujer que no sea su esposa.    Escriche, *supra,* tomo 3º. página 69.    Vicente y Caravantes, Comentarios a las Leyes de Toro, tomo 1º., página 163, apartado 26.

Siendo, pues, Esterás Arroyo hijo adulterino de Esterás Rivera no tenía derecho a heredarle abintestato según la ley 10, tít. 13, Part. 6ª. pues su sólo derecho era el de ser alimentado.    Manresa, tomo 1º., pág. 591.    El hecho de que Esterás Rivera reconoció como hijo ilegítimo suyo a Esterás Arroyo no quitó a éste su condición de adulterino ni le confirió más derecho que los que la ley le reconocía.

Es más, la ley novena de Toro que los apelantes citan en apoyo del derecho de su padre Esterás Arroyo a heredar a Esterás Rivera no le reconoce ese derecho a los hijos ilegítimos en cuanto al padre, sino únicamente con respecto a la madre en determinados casos.

Siendo nula por este motivo la declaratoria de herederos

de Esterás Rivera hecha a favor de su hijo adulterino nacido
en el año 1885 tiene acción el demandante como hijo natural
reconocido de aquél para obtener la declaración de su nulidad,
por lo que la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.